GAIDRY, J.
IgThis is an appeal from a partial summary judgment finding La. R.S. 38:2216(H)’s prohibition of waiver of delay damages applicable to the contract at issue in this case. We affirm.
FACTS AND PROCEDURAL HISTORY
This suit arises from a highway construction project in East Baton Rouge Parish. The Louisiana Department of Transportation and Development (“DOTD”) contracted with Barber Brothers Contracting Company, L.L.C. (“Barber Bros.”) in December of 2003 to perform the construction work for the sum of $17,414,209.19, with the entire contract to be completed within 585 calendar days.
The contract between DOTD and Barber Bros, provides that DOTD will “notify all known utility companies, pipeline owners or other parties affected by the work and endeavor to have the necessary adjustments of public or private utility fixtures, pipelines and other appurtenances within or adjacent to the limits of construction made as soon as possible.”[1] However, the contract between the parties also contains a provision stating:
It is agreed that the contractor has considered in the bid all permanent and temporary utility appurtenances in their present or proposed relocated positions and that no additional compensation will be allowed for delays, inconvenience or damage sustained due to interference from the said utility appurtenances or the operation of moving them.
When the engineer determines that the contractor is experiencing signifi *1087 cant delays in the controlling items of work because of delays by others in removing, relocating or adjusting utility appurtenances, contract time credits will be considered for such delays.
IsBecause some of the public utilities located within the project’s boundaries failed to relocate their facilities in time to prevent delays to the project, plan changes were executed by DOTD and Barber Bros., increasing the contract time. The plan changes did not increase the contract price due to the utility delays.
Barber Bros, filed this suit for damages on March 4, 2009, alleging that it incurred expenses in excess of one million dollars as a result of the utility delays and was also assessed stipulated damages of $24,000.00 by DOTD when the utility delays delayed the installation of the Storm Drainage System. DOTD and Barber Bros, filed cross motions for summary judgment. DOTD’s motion alleged that the contract between the parties expressly excludes recovery of additional compensation for delays, inconvenience, or damage sustained due to interference of utility appurtenances, and therefore Barber Bros, is contractually prohibited from recovering the damages sought. Barber Bros, alleged that it did not waive its right to delay damages by executing the contract with DOTD, as La. R.S. 38:2216(H) prohibits any contractual waiver of claims for damages caused by delay on public works projects. After a hearing, the court granted Barber Bros.’s motion for partial summary judgment, finding that La. R.S. 38:2216(H) applies to the facts of this case and precludes the waiver of the damages asserted by DOTD. The court designated the partial summary judgment as final and appealable, finding that, pursuant to La. C.C.P. art. 1915(B), there is no just reason for delay. This appeal by DOTD followed.
The Louisiana Associated General Contractors, Inc. (“LAGC”) filed motion for leave to file an amicus curiae brief pursuant to the Uniform Rules Courts of Appeal, Rule 2-12.11. LAGC, a construction industry trade association, is interested in the outcome of this case due to the significant |4issue raised concerning the applicability of Title 38 and the ability of DOTD to require contractors to waive damages in direct violation thereof. LAGC urges the court to maintain consistency in the law by continuing to apply Title 38 to the DOTD where those laws do not conflict with Title 48.
DOTD filed a motion seeking to strike LAGC’s amicus curiae brief on the grounds that the brief was not timely filed and did not state specific reasons why its brief would be helpful to the court in deciding the case. In the alternative, DOTD requested leave to file a response to LAGC’s amicus curiae brief. We will allow both the amicus brief and DOTD’s reply to be filed.
DISCUSSION
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Sanders v. Ashland Oil, Inc., 96-1751, p. 5 (La.App. 1 Cir. 6/20/97), 696 So.2d 1031, 1034, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). In determining whether an issue is genuine, a court should not consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. Fernandez v. Hebert, 06-1558, p. 8 (La.App. 1 Cir. 5/4/07), 961 So.2d 404, 408, writ denied, 07-1123 (La.9/21/07), 964 So.2d 333. A *1088 fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute. Anglin v. Anglin, 05-1233, p. 5 (La.App. 1 Cir. 6/9/06), 938 So.2d 766, 769. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the |smotion and in favor of trial on the merits. Fernandez v. Hebert, 06-1558 at 8, 961 So.2d at 408. Summary judgment is favored and “is designed to secure the just, speedy, and inexpensive determination of every action.” La. C.C.P. art. 966(A)(2).
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Sanders, 96-1751 at 7, 696 So.2d at 1035. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to this case. Walker v. Phi Beta Sigma Fraternity (RHO Chapter), 96-2345, p. 6 (La.App. 1 Cir. 12/29/97), 706 So.2d 525, 528.
Louisiana Revised Statutes 38:2216(H) provides that any provision in a public contract which purports to waive, release, or extinguish the rights of a contractor to recover cost of damages, or obtain equitable adjustment, for delays in performing such contract, if such delay is caused in whole or in part by acts or omissions within the control of the contracting public entity or persons acting on behalf thereof, is against public policy and is void or unenforceable and shall be severed from the other provisions of the contract.
DOTD alleges that the provisions of Title 38, and specifically 38:2216(H), cannot be applicable to the contracts at issue herein because La. R.S. 48:250(A) provides that DOTD contracts are to be exclusively governed by Title 48. Section 250(A) provides:
This Part shall exclusively govern the contracts of the Department of Transportation and Development or let by the department on behalf of other political subdivisions of the state in addition to the laws of the state relating generally to obligations and the department not in conflict with this Part.
| (¡DOTD focuses on the “shall exclusively govern” language of the statute in arguing that La. R.S. 38:2216(H) is inapplicable to the contract at issue herein; however, DOTD’s argument overlooks the provision in the statute stating that other laws relating to the department which are not in conflict with the provisions of Subpart A, “Contracts and Contractors for Department Projects,” are also applicable to DOTD contracts. This court has previously acknowledged that the provisions of Title 38 remain applicable to DOTD contracts where they do not conflict with those of Title 48. See JB James Construction, L.L.C. v. Louisiana Department of Transportation and Development, 11-1086, 2011 WL 6776999 (La.App. 1 Cir. 12/21/11), unit denied, JB James Construction, L.L.C. v. Louisiana Department of Transportation and Development, 12-0237 (La.3/30/12), 85 So.3d 122. Louisiana Revised Statutes 38:2216(H) prohibits the inclusion of a waiver provision in a “public contract,” which is defined in La. R.S. 38:2211 as any contract awarded by the State of Louisiana, or any agency, board, commission, department, or public corporation of the state. Thus, La. R.S. 38:2216(H) is a law “relating to the department” as referred to by La. R.S. 48:250(A), and would therefore be applicable to the contract at issue as long as it does not conflict with the provisions of Title 48. Finding no conflicting provision in Title 48, we agree with the trial court that La. R.S. 38:2216(H) is applicable to the contract at *1089 issue herein. This assignment of error by DOTD is without merit.
DOTD also argues that even if Title 38 applies to DOTD contracts, the waiver provision in the subsection 105.06 does not violate the prohibition against waiver of damages in 38:2216(H). Section 2216(H) prohibits provisions which “waive, release, or extinguish the rights of a contractor to recover cost of damages, or obtain equitable adjustment, for 17delays in performing such contract.” DOTD argues that because “equitable adjustment” is not waived by the contract, Section 2216(H) is not violated. We disagree. The statute does not say that to be prohibited, a contract must waive both cost of damages and equitable adjustment. It says that a provision which purports to waive cost of damages or equitable adjustment is prohibited. This assignment of error is also without merit.
CONCLUSION
For the reasons set forth hereinabove, the judgment appealed from is affirmed, and this matter is remanded to the trial court for further proceedings. Costs of this appeal in the amount of $2,498.00 are assessed to DOTD.
AFFIRMED AND REMANDED FOR FURTHER PROCEEDINGS.
GUIDRY, J., concurs in the result.

. This provision is contained in Section 105, "Control of Work,” subsection 105.06, "Cooperation With Utilities,” of the Louisiana Standard Specifications for Roads and Bridges, 2000 Edition ("Standard Specifications”), which is incorporated by reference in the contract between DOTD and Barber Bros.